# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSEPH THOMAS DRAYTON,

    Petitioner,

-vs-                                              Case No.  8:13-CV-819-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system, proceeding pro se brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The Court has considered the Petition, Respondent's response, (Dkt. 12), and Petitioner's Reply (Dkt. 15). Upon review of the briefs and the record, the Court determines the petition must be denied.

## BACKGROUND

A jury convicted Petitioner of burglary of a dwelling (count one), grand theft third degree (count two), dealing in stolen property (count three), and false information on a pawnbroker (count four). The trial court dismissed the grand theft conviction because Petitioner was found guilty of dealing in the same property to which the grand theft count applied. The trial court sentenced Petitioner to imprisonment for a term of fifteen years as to each of counts one and three and for a term of five years as to count four, with all of the sentences to run concurrently. Petitioner filed a direct appeal with the Second District Court

of Appeal, which affirmed *per curiam*. *See Drayton v. State*, 997 So. 2d 411 (Fla. 2d DCA 2008) (table).

Petitioner next filed a *pro se* Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, raising six claims. The trial court entered an order denying claims one, four, five, and six, and requiring Respondents to file a response to claims two and three. After reviewing the response, the trial court entered an order denying claim two and granting an evidentiary hearing as to claim three.

The trial court held an evidentiary hearing on claim three and then entered an order denying the claim. Petitioner appealed the state post-conviction court's denial of his Rule 3.850 Motion for Post-Conviction Relief, and the Second District Court of Appeal affirmed the post-conviction court's denial *per curiam*. *See Drayton v. State*, 110 So. 3d 450 (Fla. 2d DCA 2012) (table).

Petitioner timely filed this § 2254 petition for habeas relief.

## STANDARD OF REVIEW

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief is only available for petitioners in custody" in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief may not be granted with respect to a claim

adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

> (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

> In *Williams*, the Supreme Court held:
>
> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.

Even where a state court denies an application for post-conviction relief without written opinion, that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec'y of Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the point is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite

[Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). Regarding the second standard, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994).

## Exhaustion of State Remedies

Before seeking federal habeas relief, a state prisoner must satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1). "To fully exhaust state remedies, the petition must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (unpublished) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004). In order to present properly a federal constitutional claim in state court, a petitioner "'must make the state court aware that the

4

claims asserted present federal constitutional issues.'" *Zeigler v. Crosby*, 345 F. 3d 1300, 1307 (11th Cir. 2003) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)).

"'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'" *Id*. (quoting *Duncan v. Henry*, 513 U.S. 364, 115 S. Ct. 887, 888 (1995)). "'It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made.'" *Id*. (quoting *Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276, 277 (1982) (citations omitted)). "'[T]o exhaust state remedies, petitioners must do more than present "the state courts only with the facts necessary to state a claim for relief" and must additionally articulate the constitutional theory serving as the basis for relief.'" *Id*. (quoting *Henry v. Dep't of Corrs.*, 197 F.3d 1361, 1366 (11th Cir. 1999)). "[A] habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record[.]" *McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (internal citations omitted).

Any issue that was not exhausted at the state level and that can no longer be litigated according to the state's procedural rules is procedurally defaulted and thereby barred from federal review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A claim is also barred from federal review if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 n.1 (1991). Accordingly, a federal court must determine whether future attempts to litigate in state court

an unexhausted issue would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303.

A petitioner may overcome a procedural default, such that a federal habeas court may reach the merits of a claim, if he shows either cause and prejudice or demonstrates a fundamental miscarriage of justice would result due to the default. *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004). "For cause to exist, an external impediment . . . must have prevented [a] petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To demonstrate a fundamental miscarriage of justice, a petitioner must establish "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id*. at 327. A claim that a constitutional violation has probably resulted in the conviction of an actually innocent petitioner "is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id*.

## **Ineffective Assistance of Counsel**

The law regarding ineffective assistance of counsel claims is well-settled and well-documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. Id. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id. Strickland* requires a petitioner show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

In addition, a petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, a petitioner must show "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## DISCUSSION

**Ground One**:   The material allegation of theft was missing from the charging information.

Petitioner argues in ground one that the material allegation of theft was missing from the charging information. As a result, he states that the trial court was unable to adjudicate him guilty of burglary, and the "presumption of innocence instruction to the jury as to each material allegation could not have been applied to the intent to commit theft while in the dwelling because that material allegation . . . was omitted from the information." *See* Dkt. 1 at 5.

Ground one was never raised with the state courts, and it is procedurally barred. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. The Court has reviewed the record and concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Because Petitioner fails to proffer specific facts showing an exception to the procedural default, ground one is procedurally barred and is denied.

**Ground Two**: Trial counsel was ineffective for failing to call certain witnesses at trial.

Petitioner argues that counsel failed to call Sandra Commerford and Tremaine Smith as defense witnesses. Commerford was the pawn shop clerk where the incident occurred, and Smith was Petitioner's co-defendant. Ground two was raised in Petitioner's Rule 3.850 motion, and it was denied after an evidentiary hearing. The trial court found that Petitioner failed to present any evidence that would have been admissible at trial supporting his allegation that Commerford would have corroborated his theory of defense. The allegations concerning Smith were not addressed at the evidentiary hearing or in the trial court's order denying Petitioner's motion for post-conviction relief.

Petitioner states that Commerford would have testified that she overheard Petitioner and Smith "talking about Smith not having his Florida I.D. card which would've proved that [Petitioner] came along after the burglary and had no knowledge of the items being taken . . . ." *See* Dkt. 1 at 7. According to Petitioner, Smith would have testified that Petitioner was innocent of the charges. *Id*.

Neither Commerford nor Smith testified at the evidentiary hearing. Petitioner testified that Commerford was a clerk at the pawn shop where the incident took place and that she gave a statement to the police. *See* App. 11 at 9. According to Petitioner, Commerford stated that she heard Smith "say that if he wouldn't have came and got me, he wouldn't have been able to pawn the stuff because he didn't have a Florida ID," which would have corroborated his defense. *Id*. at 11. Petitioner also stated that his counsel had spoken to

9

Commerford and that she told him (counsel) "that she overheard [Smith] saying something about him not having ID." *Id.* at 13.

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996) (citation omitted), affirmed, No. 96-15724, 1997 WL 31219 (9th Cir. January 23, 1997). "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified. The rule is that `mere conclusory allegations' are insufficient." *Id.*

Petitioner has failed to present evidence of actual testimony or any affidavit from either Commerford or Smith. As a result, Petitioner has not made the requisite factual showing, and his self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Moreover, the law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States*, 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain. *Id.* Mere speculation as to the testimony an uncalled witness would have given is too

uncertain. *Id*. A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id*. To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id*. Here, Petitioner fails to meet the prejudice prong of *Strickland* since he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial. Consequently, ground two is without merit.

**Ground Three**: Trial counsel was ineffective for failing to object when the trial court did not provide the jury with a definition of the term "dwelling."

Petitioner states that counsel failed to object to the trial court's "improper instructions on 'structure' rather than dwelling." *See* Dkt. 1 at 8. According to Petitioner, the trial court provided the jury with a definition of the term "structure" but not provide the jury with a definition of the term "dwelling." Ground three was raised in Petitioner's Rule 3.850 motion and was denied because the jury instructions contained a definition of dwelling.

Ground three is refuted by the record. The trial court specifically instructed the jury as follows:

> [Dwelling] means a building of any kind, including any attached porch, whether such building is temporary or permanent; mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night together with the enclosed space of ground and outbuildings immediately surrounding it.

*See* App. 2 at 225.[1] Since the jury instructions contained a definition of dwelling, counsel did not act deficiently, and there has been no showing of prejudice. As such, Petitioner fails to demonstrate the state court's denial of this ground was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ground three is denied.

## CONCLUSION

Having determined that each claim should be denied, the Petition for Writ of Habeas Corpus will be denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

---

[1] "Dwelling" was mistakenly typed as "Dealing" in the record. Petitioner has not disputed the typographical mistake. "Structure" was defined separately as "any building of any kind, either temporary or permanent, that has a roof over it and the enclosed space of ground and the out building immediately surrounding that structure." *See* App. 2 at 225.

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on this 14th day of February, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-819.deny 2254.wpd